CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLEE, V. AMERICAN THEATER CORPORATION, A CORPORATION, DOING BUSINESS AS "PUSSY CAT THEATER," ET AL., APPELLANTS.

203 N. W. 2d 155

Filed January 5, 1973.    No. 38470.

D. Freeman Hutton, Robert Eugene Smith, and Stern, Harris, Feldman, Becker & Thompson, for appellants.

Herbert M. Fitle, Gary P. Bucchino, and Richard L. Dunning, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The City of Omaha petitioned for a declaratory judgment and injunction against defendants exhibiting obscene motion pictures to the public for a price. After a trial the district court found generally against defendants, declaring certain films obscene and ordering the injunction. It also sentenced defendant Richard Berry to 60 days in jail for contempt of court on the ground that Berry had disobeyed a subpoena duces tecum.

On appeal defendants contend in part that (1) oral testimony to contents of the films was insufficient to prove obscenity and (2) Berry was not guilty of contempt.

Defendant American Theater Corporation operated the Pussy Cat Theater in Omaha, and its resident agent and manager of the theater was Berry. Under ex parte orders in this suit the sheriff in February 1971, seized 29 films. On motion of defendants the court in July ordered return of the films. The order also stated that "said films may not be used in any subsequent civil or criminal proceedings against the defendants."

In October 1971 Omaha caused the sheriff to serve subpoenas duces tecum upon Berry as agent of American and of Global Leasing, Inc., to bring 3 feature-length, sound films and 5 untitled short, silent films with him. These films were the subject of the judgment and injunctive order under review. At the hearing Berry testified as follows: He was not in possession or control of the films, for he had returned them to Global, the distributor. American and Global, as far as Berry knew, were not related.

The Omaha manager of Wells Fargo Alarm Services in December 1970, negotiated with persons other than Berry for a burglar alarm in the Pussy Cat Theater. The alarm system was then installed and was still operating in October 1971, payments having been made in due course. The Omaha manager had understood that

Berry would sign the written agreement, and Berry did so as agent of Global.

Police officers who had attended the Pussy Cat Theater identified the films by oral testimony. Their testimony to obscenity was somewhat weakened by circumstances. Some officers had viewed only parts of films, and none of course could recall every detail. Defendants offered no evidence.

Several rules of law govern. A party who is under a duty to bring before the court some circumstance may, by his inexcusable failure to do so, imply that the exposed circumstance would be unfavorable to him. Failure of a party under a duty to produce matter specified in a subpoena duces tecum may satisfy the burden of his opponent to produce evidence. See, 2 Wigmore on Evidence, §§ 278, 285, and 291, pp. 124, 162, and 185, 186 (3d Ed., 1940); 1 Jones on Evidence, § 29, p. 63 (5th Ed., 1958). A subpoena duces tecum for trial imposes a duty upon the witness to bring with him sought-after matter that is under his control and that the law requires him to produce as evidence. See § 25-1224, R. R. S. 1943.

Without vertical integration of Global and American the Wells Fargo agreement would have been extraordinary. It called for an explanation of the relationship between American and Global, but American remained silent. Omaha satisfied its burden to produce evidence that American was controlling the films. The July order was interlocutory, and the court in October was not bound to follow it. Cf. 9 Moore's Federal Practice, par. 110.13, p. 152 (1972). Nonproduction of the films under the circumstances established violations of the obscenity laws. §§ 28-926.01 through 28-926.08, R. R. S. 1943. The judgment and injunctive order were correct.

Berry in response to the subpoena duces tecum denied possession or control of any of the films. It is not fairly inferable that the facts were otherwise. In the

normal course of distribution and exhibition the films which defendants exhibited in February 1971 would have passed beyond Berry's control prior to October, for he was only a local agent. In that respect integration of American and Global was immaterial. The district court erred in adjudging Berry guilty of contempt.

Other contentions are resolved against defendants. The declaratory judgment and injunctive order are affirmed. The judgment of contempt is reversed and the cause remanded with directions to dismiss that proceeding.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.